Van Brunt, P. J.
The plaintiffs in this action allege in their complaint that they are a foreign corporation organized and existing under the laws of the kingdom of Great Britain and Ireland, and that the defendants are copartners transacting business in the city of New York. The complaint then sets up several distinct causes of action upon several different bills of exchange drawn by the defendants to their own order upon the firm of J. D. Carroll & Co., of Yokohama, Japan, indorsed by themselves and delivered *497 to the plaintiff for value received; that J. D. Carroll & Co. accepted the bills of exchange, but did not pay the same at maturity; that as security for the prompt acceptance of the bills and payment thereof at maturity, the defendants indorsed and delivered to the plaintiff divers bills of lading of merchandise shipped to Yokohama, which merchandise was to be received by the plaintiffs on arrival at Yokohama and in case of the non-acceptance and nonpayment of the bills of exchange, was to be sold and the proceeds, after deducting all charges, expenses and commissions, applied to the payment of the bills; that default having been made in the payment of the bills, the plaintiffs proceeded pursuant to the terms of such hypothecation and sold the goods and applied the net proceeds to the payment of the amounts due upon the bills, and that from time to time the plaintiff has rendered accounts of each of the sales aforesaid and that there was a balance due upon all the foregoing transactions from the defendants to the plaintiffs of some $5,000; that the amount has been demanded and the defendants refused to pay the same.
The defendants by their answer deny their liability upon the ground that the alleged bills were made by them and indorsed at the request and for the convenience and accommodation of the plaintiffs, and that they were to be paid by the plaintiff from a bank credit which had issued to •Carroll & Co., in favor of the defendants; that the plaintiffs had ’ :en repaid by Carroll. & Co., or from property in the plaintiffs’ hands as security, and that other security belonging to Carroll & Co., was in the plaintiffs’ hands applicable to the payment of such alleged bills. The defendants further claimed that they are entitled to an account from the plaintiffs for all the moneys and properties which were received by the plaintiffs as security for .said bank credit and also for all moneys realized by the plaintiffs therefor, and for the balance of the property and security remaining in the plaintiffs’ possession which were received by the plaintiffs from Carroll & Co., as and for the plaintiffs’ security for issuing the said credit.
The appellants claim that the court below erred in ordering a reference: First, because the trial of the issues in the action would not require the examination of a long account, and secondly, that difficult questions of law would arise upon the trial.
That an examination of a long account is necessary in the disposition of the rights of the parties under the issues raised in the pleadings herein, is evidenced by the answer of the defendants themselves, who claim that they are entitled to an accounting by the plaintiffs for all the moneys *498 and properties which were received by the plaintiffs as security for the bank credit mentioned by them. If, therefore, they are to be held liable upon their own bills of exchange, and upon the hypothecation of the agreement, it is certain that a long account is necessary before the rights of the parties can be determined.
The question of the liability of the defendants upon their bills of exchange seems to be one of fact and it. is not apparent that it will involve any difficult question of law.
The objection that the appellant states that the account therein mentioned has become a stated account does not seem to be well taken, as the appellant evidently does not proceed upon the fact that the accounts have been so stated between the parties that they cannot be inquired into.
The objection that the indorsement is denied and that therefore the question of forgery may be raised, might be a serious one if it was seriously claimed that any such issue would be presented.
The objection that the case was noticed for trial at circuit and therefore the motion for reference could not be made is not well taken. Such a notice is not necessarily a waiver of the right of the party to move for such relief if he is entitled thereto.
The order seems to have been properly made and should be affirmed with ten dollars costs and disbursements.
Brady and Daniels, JJ., concur.